**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TRACY WULAH,<br><br>    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, and TRANSUNION LLC.,<br><br>    Defendants. | Case No. 1:25-cv-00583-GBW-CJB |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
<u>OPENING BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

Dated: June 12, 2026

TROUTMAN PEPPER LOCKE LLP

Tyler R. Wilson (DE # 7129)
Hercules Plaza, Suite 1000
1313 N. Market Street
Wilmington, DE 19899-1709
(302) 777-6500
*tyler.wilson@troutman.com*

*Attorney for Experian Information Solutions, Inc.*

# TABLE OF CONTENTS

I.  STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS.................. 1

II.  SUMMARY OF THE ARGUMENT ................................................................... 1

III.  STATEMENT OF RELEVANT FACTS ........................................................... 2

IV.  STANDARD OF REVIEW ............................................................................... 3

V.  ARGUMENT.................................................................................................... 4

    A.  Plaintiff Fails to State a Claim Under Sections 1681e(b) and 1681i Because She Fails to Allege Inaccuracy. ................................................................... 4

    B.  Plaintiff Fails to Allege Any Facts to Support a Claim Under Section 1681g. ...... 6

    C.  Plaintiff's Negligence Claim is Preempted by the FCRA. .................................... 7

    D.  Plaintiff Cannot State a Claim Under the Delaware Consumer Fraud Act............. 7

VI.  CONCLUSION................................................................................................ 8

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Experian Info. Sols., Inc.*,
    No. 2:25-cv-00404-BLW, 2025 WL 3485873 (D. Idaho Dec. 4, 2025)....................................6

*Andresakis v. Cap. One Bank (USA) N.A.*,
    2011 WL 1097413 (S.D.N.Y. Mar. 23, 2011) ...........................................................................7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...................................................................................................................3

*Barberan v. Nationpoint*,
    706 F. Supp. 2d 408 (S.D.N.Y. 2010).......................................................................................7

*Bibbs v. Trans Union LLC*,
    43 F.4th 331 (3d Cir. 2022) .......................................................................................................4

*Brown v. Equifax Info. Servs., LLC*,
    No. CV 2:23-1922-RJC, 2025 WL 964873 (W.D. Pa. Mar. 31, 2025) .....................................5

*Cahill v. Sanders*,
    2024 WL 3549421 (Del. Super. Ct. July 25, 2024) ...................................................................4

*Cortez v. Trans Union, LLC*,
    617 F.3d 688 (3d Cir. 2010).......................................................................................................4

*Hall v. Capital One Bank (USA), N.A.*,
    No. 4:24-CV-00597-RK, 2025 WL 4582112 (W.D. Mo. Dec. 30, 2025)..................................5

*Higgs v. Att'y Gen. of the U.S.*,
    655 F.3d 333 (3d Cir. 2011).......................................................................................................4

*Mala v. Crown Bay Marina, Inc.*,
    704 F.3d 239 (3d Cir. 2013).......................................................................................................4

*Peterson v. Equifax Info. Servs. LLC*,
    No. 1:16-CV-3528-WMR-LTW, 2018 WL 7348859 (N.D. Ga. Dec. 27, 2018) .......................5

*Rose v. Bartle*,
    871 F2d 331 (3d Cir. 1989).......................................................................................................3

*Sessa v. Trans Union, LLC*,
    74 F.4th 38 (2d Cir. 2023) .........................................................................................................5

*Shaw v. Experian Info. Sols., Inc.*,
 891 F.3d 749 (9th Cir. 2018) ........................................................................................6

**Statutes**

6 *Del. C.* § 2513 ................................................................................................1, 7, 8

6 *Del. C.* § 2513(a).................................................................................................8

15 U.S.C. § 1681a(d)(1)...........................................................................................6

Delaware Consumer Fraud Act.............................................................................1, 2, 7

Fair Credit Reporting Act ................................................................................ *passim*

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ....................................................................3

Federal Rule of Civil Procedure 12(c) .......................................................................3

Defendant Experian Information Solutions, Inc. ("Experian"), by counsel, respectfully submits this Opening Brief in support of its Motion for Judgment on the Pleadings (the "Motion"). Of note, many of the arguments herein arise on the same set of facts and law as the Motion for Judgment on the Pleadings filed by co-defendant Trans Union, LLC ("Trans Union"). *See* D.I. 29, 30.

## I.      STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

This action is one brought pursuant to the Fair Credit Reporting Act ("FCRA"). Plaintiff alleges that Experian violated Sections 1681e(b), 1681i, and 1681g of the FCRA, and brings claims for negligence, emotional distress, and for violation of Delaware Consumer Fraud Act ("DCFA," 6 *Del. C.* § 2513).

Plaintiff Tracy Wulah, proceeding *pro se*, initiated this action on or about April 1, 2025, in the Justice of the Peace Court in the State of Delaware against Experian, Equifax Information Services, LLC ("Equifax"), and Trans Union. D.I. 1-1. On May 9, 2025, Experian removed this action to this Court. D.I. 1. On May 16, 2025, Experian answered the initial Complaint. D.I. 8. On May 29, 2025, Plaintiff filed an Amended Complaint. D.I. 10. On June 12, 2025, Experian filed an answer to the Amended Complaint. D.I. 12.  On June 26, 2025, Plaintiff filed a Motion to Strike Experian's Answer to the Amended Complaint. D.I. 13. The Court denied Plaintiff's Motion on September 19, 2025. D.I. 28.

On November 25, 2025, Trans Union filed its Motion for Judgment on the Pleadings. D.I. 29, 30. Plaintiff has not filed an Opposition or otherwise responded.

## II.      SUMMARY OF THE ARGUMENT

Experian's Motion should be granted as Plaintiff has failed to state a claim under either the FCRA or any state law because:

A.     Plaintiff fails to state a claim under Sections 1681e(b) and 1681i of the FCRA because she fails to allege an inaccuracy in Experian's reporting;

B.     Plaintiff fails to allege any facts to support a claim under Section 1681g indicating she requested a full file disclosure and Experian failed to provide one;

C.     Plaintiff's negligence claim is preempted by the FCRA; and

D.     Plaintiff cannot state a claim under the Delaware Consumer Fraud Act because she does not allege any act or omission by Experian "in connection with the sale, lease, receipt, or advertisement of any merchandise," as required under the statute.

## III.     STATEMENT OF RELEVANT FACTS

Plaintiff generally alleges Defendants "fail[ed] to conduct lawful investigations, correct known inaccuracies, and remove unverifiable or unauthorized information from her consumer reports." D.I. 10 at 1. Specifically, Plaintiff alleges on July 16, 2024, she submitted disputes to Defendants, including Experian, "identifying specific inaccuracies and demanding reinvestigation and deletion" under the FCRA. *Id*. at ¶ 9. On February 28, 2025, Plaintiff submitted a complaint to the Consumer Financial Protection Bureau ("CFPB"). *Id.* at ¶ 10.

Plaintiff identifies the accounts allegedly included in her disputes. *See id*. at ¶ 12. She alleges that Experian reported "'No Data' for several consecutive months in 2024-2025 for the American Express and JPMCB accounts, rendering the tradelines materially incomplete and non-compliant with the requirement for maximum possible accuracy." *Id.* at ¶ 20. Plaintiff does not allege whether she made payments on the accounts during this time, or whether any payments were due during this period. She further alleges an Absolute Resolutions account was reported as a collection account, but claims she "never received lawful debt validation from any CRA or the debt buyer." *Id.* at ¶ 26. She also claims Experian reported "N[o] D[ata]" for September 2024, including omitting payment history, which Plaintiff claims is "conflicting data." *Id.* at ¶ 27. Finally,

2

Plaintiff alleges the LVNV Funding LLC account is only reported by Experian. *Id.* at ¶ 29. She does not allege whether this reporting is inaccurate, only that the other Defendants are not reporting it.

Plaintiff claims Experian "failed to rebut or respond to any notice or provide documentation of lawful verification or reinvestigation," but later claims Experian "responded to CFPB complaints claiming the these disputed accounts had been 'verified as accurate.'" Compare *id.* at ¶ 16, *with id.* ¶ 25.

## IV.    STANDARD OF REVIEW

Because of the similarity in the wording of the standard for a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) and the wording of the standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts review motions under Rule 12(c) and Rule 12(b)(6) pursuant to the same standard. *See Rose v. Bartle*, 871 F2d 331, 342 (3d Cir. 1989); *see also* 2 Moore's Fed. Prac. § 12.38 (3d ed. 2001).

To survive a motion to dismiss under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard means that a plaintiff must show at the pleadings stage that her likelihood of prevailing is more than a "sheer possibility that the defendant has acted unlawfully." *Id.* Additionally, although the Court must accept the plaintiff's well-pleaded allegations as true, the same does not apply to legal conclusions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Finally, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

3

When presented with a *pro se* litigant, the Court "[has] a special obligation to construe his complaint liberally." *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (quoting *United States v. Miller*, 197F.3d 644, 648 (3d Cir. 1999)). However, *pro se* litigants "must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). Accordingly, although courts generally are willing to provide *pro se* litigants with some leeway, "[t]here is no different set of rules for pro se plaintiffs," and courts should not "sacrifice the orderly and efficient administration of justice to accommodate an unrepresented plaintiff." *Cahill v. Sanders*, 2024 WL 3549421, at *2 (Del. Super. Ct. July 25, 2024) (citing *Draper v. Med. Ctr. Of Delaware*, 767 A.2d 796, 799 (Del. 2001)).

## V.    ARGUMENT

### A.    Plaintiff Fails to State a Claim Under Sections 1681e(b) and 1681i Because She Fails to Allege Inaccuracy.

To state a claim for violation of Section 1681e(b) of the FCRA, a plaintiff must allege "(1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 708 (3d Cir. 2010) (quoting *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)) (quotation marks omitted). Similarly, to state a claim for violation of Section 1681i, a plaintiff must allege inaccuracy. *See Bibbs v. Trans Union LLC*, 43 F.4th 331, 339 (3d Cir. 2022).

Plaintiff fails to allege any specific account information was inaccurate. Her allegations regarding Experian's reporting are: (1) Experian reported "No Data" for certain months for her American Express, JPMCB, and LVNV Funding Accounts; (2) Experian reported a collections account without providing validation of debt; and (3) Experian reported an account not reported

4

by Equifax or Trans Union. D.I. 10 at ¶¶ 20, 26, 27, 29. None of these constitute an inaccuracy to support a claim under the FCRA.

First, "reporting nothing or no data is insufficient to plead the existence of a facial inaccuracy or materially misleading report or omission for purposes of an FCRA claim." *Hall v. Capital One Bank (USA), N.A.*, No. 4:24-CV-00597-RK, 2025 WL 4582112, at *4 (W.D. Mo. Dec. 30, 2025) (*citing Santos v. Experian Info. Sols.*, No. 21-cv-00117 (ECT/ECW), 2021 WL 4034801, at *4 (D. Minn. Sept. 3, 2021)). Courts have found that it is not reasonable to infer that a report of "No Data" would cause a third party to reach adverse decisions about Plaintiff's credit. *Hall*, 2025 WL 4582112, at *4 (*citing Santos*, 2021 WL 4034801, at *4). The absence of data is not akin to inaccurate data. *See Peterson v. Equifax Info. Servs. LLC*, No. 1:16-CV-3528-WMR-LTW, 2018 WL 7348859, at *9 (N.D. Ga. Dec. 27, 2018) ("No other provision contained in the FCRA requires CRAs to report any particular information… Thus, the FCRA does not mandate the reporting of all credit extended to a consumer…").

Second, Plaintiff does not allege Experian reported the collections account inaccurately, and in fact, Experian is not obligated under the FCRA to validate the debt. *See Sessa v. Trans Union, LLC*, 74 F.4th 38, 42 (2d Cir. 2023) (finding that a credit reporting agency cannot be held liable when "the accuracy at issue requires a legal determination as to the validity of the debt the agency reported; conversely, CRAs can only be held liable for FCRA claims when the information reported does not match the information furnished."); *see also Brown v. Equifax Info. Servs., LLC*, No. CV 2:23-1922-RJC, 2025 WL 964873, at *5 (W.D. Pa. Mar. 31, 2025) (*citing Phillips v. Archstone Simi Valley LLC*, 740 Fed. App'x. 603, 604 (9th Cir. 2018) ("credit reporting agencies are not tribunals required to adjudicate disputes regarding the 'legal validity' of a debt.").

5

Third, the mere fact that Experian reported an account not reported by Equifax or Trans Union does not create a claim under the FCRA, as differences between the reporting of the three national credit agencies do not evidence an inaccuracy in reporting. *See e.g.*, *Allen v. Experian Info. Sols., Inc.,* No. 2:25-cv-00404-BLW, 2025 WL 3485873, at *7 (D. Idaho Dec. 4, 2025) ("Allegations of inconsistencies or discrepancies among credit reports, standing alone, do not permit an inference that any of the reports contains 'false or materially misleading' information…The reason is straightforward: when one CRA reports a balance of $18,606 and another reports $135,019, both figures could be accurate as of different reporting dates, or one could be accurate and the other not. Without an allegation establishing which figure is false, the Court cannot infer inaccuracy from inconsistency alone.").

Accordingly, none of Plaintiff's allegations indicate any inaccuracy in Experian's reporting, as required to state a claim under Sections 1681e(b) or 1681i of the FCRA.

**B.    Plaintiff Fails to Allege Any Facts to Support a Claim Under Section 1681g.**

Section 1681g(a)(1) of the FCRA requires consumer reporting agencies to, "upon request . . . clearly and accurately disclose to the consumer . . . [a]ll information in the consumer's file at the time of the request." A "consumer's file" is not every piece of information that a consumer reporting agency has about that person. Rather, the file includes only information on the consumer "that might be furnished, or has been furnished, in a consumer report on that consumer." *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 759 (9th Cir. 2018). A consumer report is a communication by a consumer reporting agency "bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for" credit or insurance or employment purposes. 15 U.S.C. § 1681a(d)(1).

6

Here, Plaintiff sets forth no allegations indicating Experian failed to disclose her credit file upon request or any allegations otherwise supporting a claim under Section 1681g of the FCRA. Accordingly, her Section 1681g claim must be dismissed.

### C.    Plaintiff's Negligence Claim is Preempted by the FCRA.

Plaintiff alleges Experian was negligent by breaching the "legal duty to maintain accurate records and protect consumer data" by "mishandling disputes and failing to update or delete inaccurate data." D.I. 10 at ¶¶ 38-39.

Section 1681h(e) of the FCRA reads "no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency … except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e).

As pled, Plaintiff's claims fall squarely within the subject matter regulated under the FCRA, which regulates reporting of a consumer's credit data. *Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 429 (S.D.N.Y. 2010) (dismissing the plaintiff's negligence claim as preempted by the FCRA). Plaintiff's separate state law claims are "inextricably tied-up with h[er] federal claims" and therefore barred. *Andresakis v. Cap. One Bank (USA) N.A.*, 2011 WL 1097413, at *3 (S.D.N.Y. Mar. 23, 2011). Accordingly, her negligence claim must be dismissed.

### D.    Plaintiff Cannot State a Claim Under the Delaware Consumer Fraud Act.

Plaintiff's claim under the DCFA likewise fails. Plaintiff alleges Experian "engaged in deceptive and unfair practices in trade and commerce in violation of state law" and "misrepresented [its] obligation to verify and update credit data while continuing to publish false information." D.I. 10 at ¶¶ 42-43.

Section 2513 of the DCFA prevents "deception, fraud, false pretense, false promise, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material

7

fact… in connection with the sale, lease, receipt, or advertisement of any merchandise." 6 *Del. C.* § 2513(a). Plaintiff does not allege that any act or omission by Experian was done "in connection with the sale, lease, receipt, or advertisement of any merchandise," and this claim fails.

## VI.    CONCLUSION

For the forgoing reasons, Experian respectfully requests the Court grant its Motion for Judgment on the Pleadings and dismiss all claims against Experian, with prejudice.

Dated: June 12, 2026                          Respectfully submitted:


                                              */s/ Tyler R. Wilson*
                                              Tyler R. Wilson (DE #7129)
                                              TROUTMAN PEPPER LOCKE LLP
                                              Hercules Plaza, Suite 1000
                                              1313 N. Market Street
                                              Wilmington, DE 19899-1709
                                              Telephone: (302) 777-6500
                                              Email: tyler.wilson@troutman.com

                                              *Attorney for Experian Information Solutions, Inc.*

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 12, 2026, I electronically filed the foregoing with the Clerk of

the Court using the CM/ECF system, and served a copy via regular mail upon:

Tracy Wulah
P. O. Box 634
Bear, DE 19701
*Pro Se Plaintiff*

*/s/ Tyler R. Wilson*
Tyler R. Wilson (DE #7129)

9